ORIGINAL

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 9|25|18 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

            - v. -                          :

CHRISTIAN FIGALLO, and
KENYATTA TAISTE,

            Defendants.                     :

                                            :

- - - - - - - - - - - - - - - - - X

**SEALED**
**INDICTMENT**

**18 CRIM 684**

COUNT ONE

(Narcotics Trafficking Conspiracy)

The Grand Jury Charges:

1.      From at least in or about July 2018, up to and
including at least in or about September 2018, in the Southern
District of New York and elsewhere, CHRISTIAN FIGALLO and
KENYATTA TAISTE, the defendants, and others known and unknown,
intentionally and knowingly did combine, conspire, confederate,
and agree together and with each other to violate the narcotics
laws of the United States.

2.      It was part and an object of the conspiracy that
CHRISTIAN FIGALLO and KENYATTA TAISTE, the defendants, and
others known and unknown, would and did distribute and possess
with intent to distribute a controlled substance, in violation
of Title 21, United States Code, Section 841(a)(1).

3.      The controlled substance that CHRISTIAN FIGALLO and

**JUDGE MARRERO**

KENYATTA TAISTE, the defendants, conspired to distribute and possess with intent to distribute was 500 grams and more of mixtures and substances containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code 841(b)(1)(A).

(Title 21, United States Code, Section 846).

## FORFEITURE ALLEGATION

4.    As a result of committing the offense alleged in Count One of this Indictment, CHRISTIAN FIGALLO and KENYATTA TAISTE, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

5.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

     a.    cannot be located upon the exercise of due diligence;

     b.    has been transferred or sold to, or deposited with, a third person;

2

c.    has been placed beyond the jurisdiction of the
Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United
States Code, Section  853(p), to seek forfeiture of any other
property of the defendant up to the value of the above forfeitable
property.

(Title 21, United States Code, Section 853.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

CHRISTIAN FIGALLO, and
KENYATTA TAISTE,

**Defendants.**

**SEALED**
**INDICTMENT**

18 Cr.

(21 U.S.C. § 846).

GEOFFREY S. BERMAN
United States Attorney.

A TRUE BILL

Foreperson.

9/25/18

Sealed Indictment

Stewart Dann
U.S, M.J.