```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK


---------------------------------------X
                                       :
UNITED STATES OF AMERICA,              :  18-CR-00684 (VM)(1)
                                       :
              v.                       :
                                       :  500 Pearl Street
CHRISTIAN FIGALLO,                     :  New York, New York
                                       :
                        Defendant.     :  December 20, 2018
---------------------------------------X

         TRANSCRIPT OF CRIMINAL CAUSE FOR BAIL HEARING
            BEFORE THE HONORABLE DEBRA C. FREEMAN
                 UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiff:      NICHOLAS CHIUCHIOLO, ESQ.
                        United States Attorney's Office
                        One Saint Andrew's Plaza
                        New York, New York 10007


For the Defendant:      DAVID COHEN, ESQ.
                        Cohen & Forman, LLP
                        950 Third Avenue, 10 Floor
                        New York, New York 10022




Court Transcriber:      SHARI RIEMER, CET-805
                        TypeWrite Word Processing Service
                        211 N. Milton Road
                        Saratoga Springs, New York 12866
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

```
 1              THE CLERK:  United States v. Christian Figallo.
 2              Counsel, please state your name for the record.
 3              MR. CHIUCHIOLO:  Good morning, Your Honor.  Nicholas
 4   Chiuchiolo for the United States.  I'm joined by Detective
 5   John [indiscernible[ of the New York City Police Department.
 6              THE COURT:  Okay.
 7              MR. COHEN:  David Cohen, 950 Third Avenue, New York,
 8   for Mr. Figallo.  Good morning, Your Honor.
 9              THE COURT:  Good morning.  Sorry we're running so
10   behind.  So I gather this is here for a bail hearing.  Is this
11   a first bail hearing or a new application?
12              MR. COHEN:  This -- I was not Mr. Figallo's attorney
13   when he was arrested, so I'm not sure if they previously had a
14   bail hearing.
15              MR. CHIUCHIOLO:  Your Honor?
16              THE COURT:  I don't have the whole file, so I don't
17   know if there was previously any.
18              MR. CHIUCHIOLO:  Your Honor, may we approach?
19              THE COURT:  Sure.  Come up to the sidebar.
20                      [Pause in proceedings.]
21              THE COURT:  All right. So I understand that counsel
22   have -- from what I understand most likely happened here is
23   that there was detention on consent without prejudice
24   originally to a future bail application.  Pretrial has
25   recommended release on conditions, and counsel has since been
```

1  talking about the matter and actually have a proposed agreed
2  package for me.  Is that correct?
3              MR. CHIUCHIOLO:  We do, Your Honor.
4              THE COURT:  All right.  So let me hear -- how about
5  I hear from the Government as to what that package includes.
6              MR. CHIUCHIOLO:  Your Honor, on the defendant's
7  application, the package would include a $100,000 personal
8  recognizance bond to be co-signed by three people.
9              THE COURT:  This is not a joint application?
10             MR. CHIUCHIOLO:  It's --
11             THE COURT:  Or this is a defendant's application
12 that the Government is not going to object to?
13             MR. CHIUCHIOLO:  That's correct, Your Honor; the
14 latter.
15             THE COURT:  Well, then why don't I have it from
16 defendant's?
17             MR. COHEN:  Thank you, Your Honor.  The application
18 that we put forth was $100,000 bond, home detention --
19             THE COURT:  Wait, hold on a second.  $100,000
20 personal recognizance bond with three co-signers, financially
21 responsible people, with home detention with electronic
22 monitoring?
23             MR. COHEN:  I believe there will be electronic
24 monitoring.  If Pretrial says yes --
25             THE COURT:  GPS?  Are we--

```
                                                                   4
 1              UNIDENTIFIED SPEAKER:  No, Your Honor.  We're going
 2   to just leave the choice of equipment up to our Pretrial
 3   Services.
 4              MR. COHEN:  The Court should know this will be
 5   happening ultimately in New Jersey, so we'll be transferring.
 6   His father's home is in New Jersey, so that's where home
 7   detention will take place.  It will be monitored by the
 8   District of New Jersey.
 9              THE COURT:  Is travel restricted to Southern and
10   Eastern Districts of New York and the District of New Jersey?
11              MR. COHEN:  Well, it would be home detention, but
12   travel restricted as Pretrial Service allows for drug
13   treatment, court appearances, and visit with counsel.
14              THE COURT:  Right, to those jurisdictions?
15              UNIDENTIFIED SPEAKER:  Your Honor, we do not see the
16   need for a travel restriction to include the Eastern District
17   of New York, correct?
18              MR. CHIUCHIOLO:  I think that's right, Your Honor.
19              THE COURT:  Just Southern District of New York and
20   District of New Jersey?
21              UNIDENTIFIED SPEAKER:  Correct.
22              THE COURT:  Okay.  Because the recommendation had
23   Southern and Eastern District, just FYI.
24              UNIDENTIFIED SPEAKER:  I understand, Your Honor.
25              THE COURT:  Okay.  Why don't you continue on, and
```

```
 1  I'll hear the rest what you have to say.
 2            MR. COHEN:  Okay.  The co-signers are his father
 3  who's in court today who owns the home that my client will
 4  reside in.  The second cosigner would be his brother.  His
 5  brothers works full-time for a company called Prysmian --
 6            THE COURT:  Does he have more than one brother?
 7            MR. COHEN:  No.  Oh, I'm sorry, Your Honor.  Yes, he
 8  does.  He does have more than one brother.
 9            THE COURT:  So what is this brother's name?
10            MR. COHEN:  Christopher.  It's with the same last
11  name; Christopher Figallo.  My client is Christian Figallo.
12            THE COURT:  Okay.
13            MR. COHEN:  His brother is full-time employed at a
14  company called Prysmian, P-R-Y-S-M-I-A-N Downhole Technology.
15  It's in the oil and gas industry.
16            THE COURT:  Okay.  And you have a third cosigner
17  lined up as well?
18            MR. COHEN:  Correct.  That's his sister-in-law, the
19  one who is married to Christopher.
20            THE COURT:  What's her name?
21            MR. COHEN:  Maria Troia, T-R-O-I-A.  She also lives
22  in the home where my client will be residing.
23            THE COURT:  So all three of these cosigners live in
24  the same home?
25            MR. COHEN:  Correct; that's owned by his father.
```

6

1       THE COURT:  Okay.
2       MR. COHEN:  My client has some medical issues, Your
3  Honor, that have unfortunately been unable to be properly
4  taken care of while he's been incarcerated.  In March, he
5  suffered from an ulcer that required a blood transfusion, and
6  he went to Mount Sinai Hospital.  They said another hour or so
7  and he wouldn't have made it.
8       Additionally, he's HIV positive, and medications
9  have not done for him what his medications on the outside were
10 doing for him.  He should be able to go back to the
11 medications he was taken if this Court sees fit to allow him
12 to have home detention.
13      Pretrial Services, we're expecting, will provide an
14 opportunity for him to seek drug treatment.  The Court should
15 know that while my client developed this drug addiction about
16 ten years ago when his mom had died and he went through a
17 downward spiral.  He had one case directly from New Jersey
18 that he was -- received what's called IPS Intensive Probation.
19      THE COURT:  Can I just ask you can you just list for
20 me all of the conditions that you're proposing so that I can
21 get all that down?  And then if you want to comment on why you
22 think it's a good package, you absolutely can.
23      MR. COHEN:  So it's the three --
24      THE COURT:  Here's what I have so far: a bond
25 $100,000 with three financial responsible people cosigning,

7

1 and I have their names; travel restricted to the Southern
2 District of New York and District of New Jersey to the extent
3 he's not at home on home detention which would be with some
4 form of electronic monitoring potentially with GPS as
5 determined by Pretrial Services in their discretion; pretrial
6 supervision in fact as directed by Pretrial Services.
7 　　　　　I thought I heard you say drug testing and treatment
8 as directed by Pretrial Services?
9 　　　　　MR. COHEN:  Correct.
10 　　　　　THE COURT:  Is that right?
11 　　　　　MR. COHEN:  Yes.
12 　　　　　THE COURT:  Okay.  Pretrial was recommending
13 defendant seek or maintain employment.  Is that something you
14 are proposing as a condition?
15 　　　　　MR. COHEN:  Yes, it is, Your Honor.
16 　　　　　THE COURT:  Okay.  Do you have other proposed
17 conditions?
18 　　　　　MR. COHEN:  No, that's it.
19 　　　　　MR. CHIUCHIOLO:  Your Honor, the Government would
20 just add, and I think we've agreed to this, no contact with
21 co-defendants unless in the presence of counsel.
22 　　　　　THE COURT:  Is that agreeable?
23 　　　　　MR. COHEN:  That's agreeable, Your Honor.
24 　　　　　THE COURT:  And I'm indicating defendant is to
25 reside in his father's home, which I gather has already been

8

1   checked by Pretrial Services?  You've already made a home
2   visit?
3           UNIDENTIFIED SPEAKER:  Not to my knowledge, Your
4   Honor.
5           THE COURT:  I thought counsel told me at sidebar
6   that had already happened?
7           MR. CHIUCHIOLO:  That was my understanding.  I know
8   the case agents have made a home visit.  I thought Pretrial
9   had done that in New Jersey, but I'd defer to Pretrial on
10  that.
11          UNIDENTIFIED SPEAKER:  Not to my knowledge.  To my
12  knowledge, Your Honor, we would not even attempt to transfer
13  the matter until the defendant was released or there was some
14  type of filing to transfer him to New Jersey.
15          THE COURT:  All right.  I'm going to indicate
16  defendant to reside in his father's home assuming approved by
17  Pretrial Services.  I don't want him released until that home
18  visit can be made and the situation checked and whatever kind
19  of electronic monitoring there's going to be is appropriately
20  set up in that location.
21          Are you looking for defendant to be released prior
22  to all conditions being satisfied?
23          MR. COHEN:  I was, Your Honor.
24          THE COURT:  What conditions were you looking to have
25  satisfied when?

1          MR. COHEN:  Tomorrow his brother and sister-in-law
2    would come in and sign.  They're both working today and
3    weren't able to make it.
4          MR. CHIUCHIOLO:  Your Honor, for the record, the
5    Government has already approved the defendant's father as a
6    suitable financial responsible person.
7          THE COURT:  But I'm reluctant, especially when
8    there's supervision out of another district to direct that he
9    be released to a certain location when there's no home checked
10   by Pretrial Services and electronic monitoring is not set up.
11   So that's probably not happening today.  At the earliest, I
12   would expect that that would happen tomorrow.  So if they're
13   available to cosign tomorrow, that might be fine.
14         But what I'm willing to do here is to check
15   defendant if released on his own signature, one cosigner and
16   home visit by Pretrial Services and electronic monitoring with
17   the remaining cosigners -- and I'll give you a couple of days
18   for that just -- well, tomorrow is Friday already, right?
19         MR. COHEN:  Monday is a partial holiday.
20         THE COURT:  Monday is a holiday.  Monday, Tuesday
21   are holidays.  Do you think by tomorrow they'll --
22         MR. COHEN:  I believe that they'll be here by
23   tomorrow.  And that's just what I believe, though.  As the
24   case agents didn't inspect the home, it sounds like the Court
25   still wants Pretrial Services to inspect.

1  THE COURT:  Yeah.  Do you think that can be
2  accomplished so that he could still get out before the holiday
3  weekend by tomorrow?
4  UNIDENTIFIED SPEAKER:  Your Honor, I just confirmed
5  with our location monitoring unit that Pretrial Services did
6  not do a home visit.  It was only the agent who conducted the
7  --
8  THE COURT:  Right.  So assuming that that's the
9  case, do you think the home visit can be accomplished either
10 today or tomorrow so that he can get out before the holiday
11 weekend?  Because otherwise, people are going to be out until
12 Wednesday.
13 UNIDENTIFIED SPEAKER:  Your Honor, realistically I
14 cannot speak for another district.  We could make a request
15 and try to expedite it as best as possible, but I can't
16 confirm that for another district.
17 THE COURT:  Okay.  So here's the potential
18 situation.  I have no desire for you to be in over a holiday
19 weekend, but I do want to make sure that the home is inspected
20 by Pretrial Services which will have a different eye -- will
21 look at it with a different eye than case agents.  Agents
22 might look at it to make sure that there are no, you know,
23 weapons or something.  Pretrial might look at it to see where
24 would we set up electronic monitoring and is this location
25 going to make sense for what we need for supervision purposes.

11

1  So especially because it is leading into a holiday
2 weekend, everybody's kind of jammed up. It's very crowded
3 here this week. I think people are trying to get things done
4 before the holidays. So I can't guarantee they'll be able to
5 do that today or tomorrow, but I will ask Pretrial to request
6 that they make every effort to do so so that defendant can be
7 released by tomorrow. I just can't guarantee it. All right?
8  And I'll just make remaining conditions to be met,
9 as long as it's okay with the Government, by Wednesday just in
10 case there's an issue with the cosigners.
11  MR. CHIUCHIOLO: That's fine with the Government,
12 Your Honor.
13  THE COURT: Okay. So that's January -- I'm sorry,
14 December 26. That way if the home visit takes place and
15 that's all set up but one of the cosigners can't make it in,
16 that won't stop you from being released as long as the person
17 comes in by Wednesday.
18  All right. Defendant have a job or doesn't have a
19 job at this point?
20  MR. COHEN: Does not have a job at this point.
21  THE COURT: What was his previous employment or did
22 he have previous employment?
23  MR. COHEN: He had a company, CF Consulting
24 Partners, did some consulting work.
25  THE COURT: Okay. Well, Pretrial may be able to be

1  of some assistance if you're seeking employment to talk to
2  them about that.  In terms of medical issues, Pretrial allows
3  for, you know, doctor's visits as need be with appointments,
4  if they can confirm them, counsel visits, you know, basically
5  home detention is you're there unless there is some pre-
6  understood reason that's approved by Pretrial for being
7  somewhere else.
8          Is there anything else?  I'll approve this proposal
9  as stated.  Okay.  What this means, Mr. Figallo, is you'll be
10 released on your own signature and the setting up of
11 electronic monitoring, on your own signature on $100,000
12 personal recognizance bond, which will have to be cosigned by
13 the three people who have been indicated.  I gather the
14 Government is okay with those cosigners?
15         MR. CHIUCHIOLO:  Yes.
16         THE COURT:  You'll be on home detention with
17 electronic monitoring, drug treatment -- testing and treatment
18 as deemed appropriate by Pretrial Services.  To the extent
19 you're not in the home, you can only be in the District of New
20 Jersey or this district, Southern District of New York.  I am
21 indicating you're to either continue employment if you have it
22 or seek employment and that you're not have any contact with
23 co-defendants except in the presence of counsel.
24         And the place for you to reside will be your
25 father's home.  That's assuming Pretrial Services approves it.

```
                                                              13
 1   I can't say in advance whether they will.  I don't have any
 2   reason to believe they won't.  If -- assuming you meet these
 3   conditions and you're out, I do want to caution you that you
 4   need to appear in court as directed.
 5             If you don't or if you don't report to Pretrial or
 6   stay in the home the way you're supposed to, you can be
 7   subject to prosecution for another crime, the crime of bail
 8   jumping, and that can be prosecuted and it carries its own
 9   penalties.  You could face that even if the charges you're
10   facing now were to be dismissed.  Do you understand that?
11             THE DEFENDANT:  Yes.
12             THE COURT:  Do you also understand that you and
13   whoever ends up cosigning the bond with you can be responsible
14   for the full $100,000 bond if you don't appear?
15             THE DEFENDANT:  Yes, ma'am.
16             THE COURT:  Anything further?
17             MR. CHIUCHIOLO:  Nothing further from the
18   Government, Your Honor.  Thank you.
19             THE COURT:  You're welcome.
20             I don't know if you'll waive your client's
21   appearance for this, but we did not indicate on this surrender
22   of any passport, and he may not apply for a new passport which
23   I understand Pretrial --
24             MR. COHEN:  It doesn't apply --
25             THE COURT:  -- thinks should be a condition.  Does
```

1  he have a passport.  Do you know?
2            MR. COHEN:  I don't know the answer?
3            THE COURT:  Can we get him back if he just went in?
4  Let's bring him back for a sec.
5            UNIDENTIFIED SPEAKER:  It's in that pretrial report,
6  Your Honor.  [Indiscernible].
7            THE COURT:  Indicates that he has a passport?
8            UNIDENTIFIED SPEAKER:  Correct.  And he has
9  [indiscernible].
10           THE COURT:  Do I still have all the pages?  Sorry,
11 just missed it.  It was a little bit disjointed.
12                    [Pause in proceedings.]
13           THE COURT:  Are we back on the record?
14           UNIDENTIFIED SPEAKER:  Yes, we are.
15           THE COURT:  Pretrial pointed out to me after we had
16 adjourned that --
17           MR. COHEN:  I had told you, correct.
18           THE COURT:  Pretrial pointed out to me that I
19 neglected to say anything about whether you have a passport
20 and it should be surrendered.  If you have a passport, it does
21 need to be surrendered.  Do you have somebody who can retrieve
22 the passport and bring it in to the court?
23           THE DEFENDANT:  I have an apartment that's -- that I
24 need to get all my things out of in Manhattan.  And that's
25 where the passport resides as of now.

```
                                                                 15
 1              THE COURT:  I'm sorry.  It's where?
 2              THE DEFENDANT:  In my apartment that --
 3              THE COURT:  Right.  Could somebody else have access
 4   to it?
 5              THE DEFENDANT:  Not as -- not that I think -- no,
 6   nobody has access to the apartment to --
 7              THE COURT:  Can you get somebody to get to -- get
 8   there?
 9              THE DEFENDANT:  Most likely I could, yes.
10              THE COURT:  Okay.  Counsel?
11              MR. COHEN:  Yeah.  I spoke with the case agent who's
12   in court today and tells me that the apartment is quite a mess
13   now, and it would be difficult to find --
14              THE COURT:  Oh, good.
15              THE DEFENDANT:  I know where it is.
16              MR. COHEN:  -- all simply because of when they
17   executed the warrant there.
18              THE COURT:  Well, is it possible to get a family
19   member or someone to have access to the apartment to search
20   for a passport and either get that passport surrendered or
21   provide a report that it can't be located and then if need be,
22   it'll be, you know, surrendered immediately upon release?
23              MR. COHEN:  Certainly.  One of the issues that we
24   were having is that the management company has put a lock on
25   it, and we have been trying to get -- we've got a notarized
```

1  signature from my client trying to get a family member just to
2  get access to get his personal belongings, and it's proved
3  difficult over the last month or so.  If we have anybody who
4  can get access to it, we will report to the Court immediately
5  whether the passport could be found.  If not, have information
6  from the person who went searching for it.
7         THE COURT:  I'm going to leave it to counsel to
8  follow up that, you know, the instant this lock is off,
9  someone is looking for this passport.
10        Mr. Figallo, if you find a passport, you must turn
11 it over immediately to Pretrial Services.  You may not apply
12 for a new passport at this time.  I'm not sure what to put
13 here in terms of a deadline for turning over the passport.  We
14 have some history of travel and, you know, if the defendant's
15 released, that should be surrendered.
16        But I'm going to have to put some faith in counsel
17 that you'll be on top of that for your client and that he's
18 not going to have an opportunity to go in there, rummage
19 around, find a passport, and not tell anybody.  He'll either
20 be accompanied or a family member will go there and find it or
21 something.
22        MR. COHEN:  We were talking on the record now that
23 he couldn't go there without me being there.
24        THE COURT:  All right.  So I'm just going to say
25 passport surrender by what's a date that seems to make sense

17

1  to you for that?
2          THE DEFENDANT:  The day that -- if I were to be
3  released today, tomorrow I can go right there and I know
4  exactly where it is.
5          MR. COHEN:  Yeah, but you can't -- you're not going
6  to be able to go there on your own.  So I'd have to go, they
7  would have to take the lock off.
8          THE COURT:  I'm just going to say by January 4, and
9  I'm going to make -- I'm going to hold counsel personally
10 responsible if anything happens between now and January 4, all
11 right?  And if there's a problem, you're going to let somebody
12 know.
13         Is that acceptable to the Government?
14         MR. CHIUCHIOLO:  Yes, Your Honor.  Thank you.
15         THE COURT:  All right.
16         MR. COHEN:  I'll let the Government know of all
17 efforts that we've made.
18         THE COURT:  All right.  If he's on a plane
19 somewhere, we're going to have -- there's going to be a price
20 to pay, okay?
21         MR. COHEN:  Okay.  Thank you.
22         THE COURT:  All right.  Thank you.
23                         * * * *
24
25

18

1    I certify that the foregoing is a court transcript from
2 an electronic sound recording of the proceedings in the above-
3 entitled matter.

_____
Shari Riemer, CET-805

Dated:  March 6, 2019